IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CR-21-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| JUNIOR THOMAS COTTON, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court in furtherance of oral rulings made on defendant's objection to his offense conduct level calculation at time of sentencing, held August 11, 2015.

## BACKGROUND

On May 12, 2015, without benefit of written plea agreement, defendant pleaded guilty to a one count indictment wherein he was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924. The United States Probation Office calculated defendant's criminal history category to be II and his total offense level to be 17. Based on those calculations, the advisory Sentencing Guidelines recommended a sentence of 27 to 33 months.

## DISCUSSION

Defendant objected to his total offense level calculation, and specifically his base offense level, which was calculated to be 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), because defendant previously had been convicted of a "crime of violence," as that term is defined in U.S.S.G. § 4B1.2(a). Defendant argues his conviction for possession of explosive material by a convicted felon, in violation of 18 U.S.C. § 842, is not a crime of violence.

Defendant effectively concedes, and the court agrees, that for purposes of his sentencing the conviction at issue at one time qualified as a "crime of violence" under § 4B1.2(a)'s so-called "residual clause." That clause labels any crime that "involves conduct that presents a serious potential risk of physical injury to another" as a "crime of violence." U.S.S.G. § 4B1.2(a)(2). However, defendant contends that the residual clause is no longer of any effect, and thus that his conviction is no longer a "crime of violence," in the wake of the Supreme Court's decision in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015).

In Johnson, the Supreme Court found that identical language in the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague and thus violated the Fifth Amendment's guarantee of due process. See Johnson, 135 S. Ct. at 2563. Defendant submits that the days of the career offender enhancement's own residual clause are numbered, given that courts rely on precedents interpreting the career offender enhancement and the ACCA interchangeably. United States v. Clay, 627 F.3d 959, 965 (4th Cir. 2010). The court disagrees. Defendant's argument misapprehends the scope of the "void for vagueness" doctrine applied in Johnson. The advisory Sentencing Guidelines are not susceptible to vagueness challenges because they do not proscribe conduct. Rather, the advisory Guidelines serve merely as a guide to assist the sentencing judge in fashioning an appropriate sentence within the statutorily permissible range.

A statute may be unconstitutionally vague where it "fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." Johnson, 135 S. Ct. at 2556. The void for vagueness doctrine may "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." Id. at 2557. The effect of the vagueness doctrine is twofold. First, the doctrine requires "actual notice to citizens" as to what conduct is or

2

is not prohibited by the law. Kolender v. Lawson, 461 U.S. 352, 357-58 (1983). Second, the doctrine requires that "a legislature establish minimal guidelines to govern law enforcement" to prevent a "standardless sweep that allows policemen, prosecutors, and juries to pursue their personal predilections." Id. at 358.

None of principles supporting the vagueness doctrine are implicated by the advisory Sentencing Guidelines. First, as a textual matter, both Johnson and Kolender apply the vagueness doctrine applies to statutes that create criminal conduct. See Johnson, 135 S. Ct. at 2556-57; Kolender, 461 U.S. 357-58; see also United States v. McLamb, 985 F.2d 1284, 1291 (4th Cir. 1993) (noting "penal statutes" are subject to constitutional vagueness analysis). By contrast "[t]he Sentencing Guidelines do not create crimes. They merely guide the discretion of the district courts in determining sentences within a legislatively-determined range." United States v. Kinter, 235 F.3d 192, 201 (4th Cir. 2001) (emphasis added), abrogated on other grounds by United States v. Booker, 543 U.S. 220 (2005); accord United States v. Smith, 751 F.3d 107, 117 (3d Cir. 2014) (noting that Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), did not curtail the court's ability to select a sentence within a statutorily permissible range).

The Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), confirms this court's analysis in the instant case. In Booker, the Supreme Court noted that the purpose of the then-mandatory Guidelines was to reduce sentencing disparity by allowing judges to "base punishment upon [] the real conduct that underlies the crime of conviction." Id. at 250 (opinion of Breyer, J,). The Court's remedy, making the Guidelines advisory, further underscores the point that the Guidelines are directed at judges only and are not to be considered as criminal statutes. Because the advisory Guidelines are meant to provide a means for fashioning an appropriate sentence, where

3

the offense of conviction often is generic in nature, see id. at 250-54, they do not define criminal conduct and thus are not subject to vagueness challenges.

In addition, the theoretical underpinnings of the vagueness doctrine are wanting because application of the vagueness doctrine to the advisory Sentencing Guidelines achieves neither desired effect. With regard to the "actual notice" effect, there is no constitutional right to be sentenced in accord with the advisory Sentencing Guidelines. See Lockett v. Ohio, 438 U.S. 586, 603 (1978) ("[L]egislatures remain free to decide how much discretion in sentencing should be reposed in the judge or jury in noncapical cases."); Vines v. Muncy, 553 F.2d 342, 347-48 (4th Cir. 1977) (holding 14th Amendment allows flexibility in determining appropriate sentence where death penalty not at issue). It follows there is no constitutional right to receive actual notice of the sentence to be imposed under the advisory Sentencing Guidelines. With respect to the "governance of law enforcement" effect, that concern is wholly absent from the sentencing proceeding. Where the advisory Guidelines provide recommendations to the sentencing court there is no threat of spurious prosecutions or sporadic arrests. Rather, defendant's guilt as to a constitutionally firm statute already has been adjudicated. There is no risk that the taint of arrest or the repercussions of criminal liability in the first instance will be disparately enforced by the several district courts sitting for the purpose of sentencing.

This conclusion is bolstered by case law from other circuits. The Seventh Circuit has articulated a per se rule that the advisory sentencing Guidelines are not subject to constitutional vagueness challenges, for the reasons articulated above. See United States v. Tichenor, 683 F.3d 358 (7th Cir. 2012); United States v. Brierton, 165 F.3d 1133, 1139 (7th Cir. 1999). In Tichenor, as well as Brierton, the court relied on the distinction between the advisory Guidelines and criminal

4

statutes, reasoning that "[t]he Guidelines do not establish the illegality of any conduct. Rather, they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large." Tichenor, 683 F.3d at 364 (quoting Brierton, 165 F.3d at 1139). Other circuits that have considered the issue have reached similar results. In United States v. Wivell, 893 F.3d 156 (8th Cir. 1990), the Eighth Circuit concluded that "[b]ecause there is no constitutional right to sentencing guidelines – or, more generally, to a less discretionary application of sentences than that permitted prior to the guidelines–the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." Id. at 160; accord United States v. Salas, No. 93-5897, 1994 WL 24982, at *2 (6th Cir. Jan. 27, 1994) (same)[1]. The Fifth Circuit has noted a similar position, holding "[d]ue process does not mandate . . . either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990).

The Ninth Circuit, however, has reached a contrary conclusion. United States v. Johnson, 130 F.3d 1352 (9th Cir. 1997). There, the court, relying on United States v. Batchelder, 442 U.S. 114, 123 (1979), noted that "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." Johnson, 130 F.3d at 1354 (emphasis added). However, Batchelder is inapposite to the issue currently before the court. That case was decided in a pre-Guidelines era, where the "sentencing provision" at issue

---

[1] The Sixth Circuit has suggested that Johnson may have affected the residual clause of the career offender enhancement in another unpublished opinion. See United States v. Darden, 605 F. App'x 545, 546 (6th Cir. 2015). There the court vacated the defendant's sentence, because he had been sentenced under the career-offender residual clause, for reconsideration in light of Johnson. Id. The court noted that the Supreme Court had done the same in a number of cases pending when Johnson was decided. Although defendant contends in his sentencing memorandum that this language carries the suggestion that the career offender's residual clause is unconstitutionally vague, the better interpretation of the Supreme Court and Sixth Circuit's action is that those courts intended the continued vitality of the residual clause to be addressed by a lower court in the first instance.

5

Case 7:15-cr-00021-FL   Document 31   Filed 08/12/15   Page 5 of 8

was a statutory sentencing enhancement. See Batchelder, 442 U.S. at 116, 122-24 ("The District Court sentenced [defendant] under 18 U.S.C. § 924(a) to five years' imprisonment, the maximum term authorized for violation of [the relevant statute]. . . . However, [the court of appeals,] noting that the substantive elements of § 922(h) and 18 U.S.C. § 1202(a) are identical as applied to a convicted felon who unlawfully receives a firearm, . . . interpreted the [statute] to allow no more than the 2-year maximum sentence provided by § 1202(a)").

There does not appear to be any Fourth Circuit precedent on point. The court has entertained vagueness challenges to the Guidelines, but only to the guideline applicable to crack sentences, United States v. Nolton, No. 97-4254, 1997 WL 615811, at *1 (4th Cir. Sept. 16, 1997); United States v. Pendergrass, Nos. 93-5422, 93-5738, 93-5423, 93-5425, 1995 WL 56673, at *7 n.7 (4th Cir. Feb. 7, 1995), and only then in the context of the term "crack" cocaine, a term already determined not be unconstitutionally vague. See United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995) (defining 21 U.S.C. § 841(b)(1)(A)(iii), which refers to "cocaine base" to mean "crack" cocaine.); see also 1995 WL 56673, at *7 n.7 (relying on precedents from other courts of appeals interpreting 21 U.S.C. § 841 and finding that "cocaine base," as used in U.S.S.G. § 2D1.1, meant "crack" cocaine and was not unconstitutionally vague). Given that the analysis of the Guidelines in both cases turned on interpretation of a single term already defined in the relevant statute, these cases have little bearing on the court's analysis in the instant matter.

In any event, defendant points to a recent dissent, authored by Judge Wilkinson, wherein he stated that the residual clause of the § 4B1.2(a) is "defunct" in light of Johnson. See United States v. Parral-Dominguez, __ F.3d __, 2015 WL 4479530, at *11 (4th Cir. 2015) (Wilkinson, J., dissenting) ("Not to worry, says the majority: firing into an occupied building creates no more 'risk'

that someone inside will be hurt or killed. And, says the majority, creating a mere 'risk' of injury or death was a feature of the now-defunct residual clauses of the ACCA and § 4B1.2, the career-offender provision of the Guidelines."). However, that statement, made with no accompanying analysis, carries little weight. Moreover, the Parral-Dominguez majority suggests the continued vitality of U.S.S.G. § 4B1.2(a)'s residual clause is an open question in light of Johnson. Id. at *4-5 (majority opinion) (noting that the government's authority in support of its position "involves the broader risk-of-physical-injury clause" in § 4B1.2(a)(2) without a discussion of its continued applicability). In this case the court answers that question and holds that Johnson is of no effect on the residual clause of the career offender enhancement. U.S.S.G. § 4B1.2(a)(2).

The court is not without sympathy to defendant's argument. Continued application of the residual clause creates substantial difficulties moving forward, for, as the Court recognized in Johnson, the residual clause is "nearly impossible to apply consistently." Johnson, 135 S. Ct. at 2560; accord United States v. Vann, 660 F.3d 771, 787 (4th Cir. 2011) (Agee, J., concurring) (calling the ACCA's residual clause a "judicial morass that defies systemic solution," and "a black hole of confusion and uncertainty"). Despite that fact, to invalidate an advisory provision channeling the court's discretion at sentencing would be legislation by judicial fiat. This issue more properly is resolved by Congress or the United States Sentencing Commission. As Johnson highlights, the language of the career offender enhancement's residual clause indisputably is "vague." See Johnson, 135 S. Ct. at 2555-56 (holding as unconstitutionally vague the same language). However, the question before the court is not whether the residual clause is vague, but whether it is unconstitutionally so. For all the reasons stated above, it is not.

7

## CONCLUSION

Based on the foregoing, defendant's objection to his base offense level of 20, as calculated through application of U.S.S.G. § 2K2.1(a)(4) is OVERRULED.

SO ORDERED, this the 12th day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge